Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PLATA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LANDS' END, INC.,<br><br>*Defendant.* | Case No. 5:24-cv-00723-MEMF-SPx<br><br>**STIPULATED PROTECTIVE ORDER** |

1.     A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of trade secret, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order with two tiers of protection: 'CONFIDENTIAL' and 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.' The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable principles of Federal Rule of Civil Procedure 26(c), Ninth Circuit authority, and Civil Local Rule 79-5. Designations must be narrowly tailored to material entitled to protection under Federal Rule of Civil Procedure 26(c) and Ninth Circuit authority. The protection this Order affords from public disclosure and use extends only to limited information or items qualifying for protection. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file designated material under seal; Civil Local Rule 79-5 sets forth the procedures and standards for any sealing application, which must be narrowly tailored and supported by a particularized showing.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research,

development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Confidential information will also likely include sensitive and private information related to the named plaintiffs and absent class members, including names, shopping habits, and mailing addresses. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Confidential information may include, without limitation: (i) non-public pricing and suggested retail price (SRP) policies or decision factors; (ii) internal pricing methodologies or factors; (iii) non-public competitive intelligence and vendor research; (iv) reseller/customer identities and wholesale terms; (v) sales and financial aggregates; (vi) non-public marketing plans, UX/site design mockups, and promotion strategy; (vii) internal SOPs and operational processes (including returns). Exclusions: public materials; documents already in the public domain; generic product marketing; and materials voluntarily disseminated to the public.

Nothing in this Order implies that any category of information is or is not discoverable or proportional within the meaning of Rule 26(b)(1), nor does any designation waive any objection including privilege, work product, third-party confidentiality, or Rule 26(b)(2)(B) inaccessibility.

2.    DEFINITIONS

2.1    Action: *Plata v. Lands' End, Inc.*, Case No. 5:24-cv-00723

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3A "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") Information or Items: extremely sensitive information the disclosure of which to another party or non-party would create a substantial risk of serious competitive or privacy harm that cannot be avoided by less restrictive means. AEO is appropriate for the categories enumerated in Section 1.B and similar information.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).  House Counsel access is limited by Sections 7.2 and 7.3.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Competitive Entity: any company or business that markets, sells, or provides apparel, accessories, or related consumer products through e-commerce or retail channels in competition with a Producing Party.

2.17 Personal Identifying Information or PII: customer names, email addresses, phone numbers, full physical addresses, payment card or account numbers, dates of birth, government identifiers, and other sensitive personal data.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that

are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. Use of the 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' designation is reserved for material meeting the standard in Section 2.3A; material should not be designated AEO where the 'CONFIDENTIAL' tier affords adequate protection.

Designations shall be limited to 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' consistent with Section 2.3A.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated clearly before the material is disclosed or produced. Designation in conformity with this Order requires the Producing Party to affix, at a minimum, the legend 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' to each page that contains protected material. For native ESI, the designation may be made by including the designation in the filename, a metadata field or load file, or an accompanying cover letter or slipsheet; for document families, a designation on a parent shall apply to attachments unless otherwise indicated.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix, at a minimum, the appropriate legend 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' (each a 'Legend') to each page that contains Protected Material. For electronic information produced in native format, such that it is impractical to affix the appropriate legend to each page (e.g., excel files), the

filename may contain the appropriate Legend, and/or the designation may be conveyed in a metadata field, load file, or a PDF slipsheet bearing the appropriate Legend. Where only a portion of a document merits protection, the Producing Party should designate only the protected portions.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before any designation, all of the material made available for inspection shall be deemed 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.' After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions, the Designating Party or Non-Party must state, on the record, that the testimony contains Protected Material and whether the designation is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO"). In addition, deposition transcripts shall be provisionally treated as CONFIDENTIAL in their entirety for fourteen (14) days after the transcript is made available to the parties. Within that period, any Party or Non-Party may designate portions of the transcript or exhibits as CONFIDENTIAL or AEO. After which, the court reporter shall mark the designated portions of the transcript accordingly.  Pages of transcribed deposition testimony or exhibits that reveal Protected Material shall be separately bound by the court reporter and marked accordingly and may not be disclosed except as permitted under this Order. The parties may agree in writing to extend the fourteen (14)-day provisional period. Designations may be made for testimony and

exhibits.

(c) For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container(s) in which the information is stored the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or otherwise clearly indicate the designation in an accompanying label, cover letter, or inventory. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Upon receipt of a corrected designation, the Receiving Party shall (i) make reasonable efforts to retrieve, sequester, or destroy any unmarked or incorrectly marked copies; (ii) limit any further disclosure to persons authorized for the corrected designation; and (iii) if disclosure was made to any person no longer authorized under this Order, promptly notify such person of the corrected designation and request return or destruction of the material and an executed acknowledgment (Exhibit A).

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    Burden of Proof.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material shall be used solely for this Action and not for any business, competitive, personal, or other purpose. Receiving Parties shall implement reasonable safeguards to store and transmit Protected Material securely.  All persons authorized to receive Protected Material under this Order shall comply with these security obligations.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during depositions or other pretrial testimony: current employees, officers, or representatives of the Producing Party, to the extent reasonably necessary to conduct the examination. Unless otherwise agreed by the Designating Party or ordered by the Court, no witness or witness's counsel (other than the parties' counsel) may retain any Protected Material, or any copies or notes reflecting Protected Material, after the deposition;

(i) during depositions or other pretrial testimony: (i) former employees, officers, or representatives of the Producing Party, to the extent reasonably necessary to conduct the examination; and (ii) non-party witnesses (and their counsel) in this Action to whom disclosure is reasonably necessary, provided that, before any disclosure, the witness and the witness's counsel sign the 'Acknowledgment and Agreement to Be Bound' (Exhibit A). Unless otherwise agreed by the Designating Party or ordered by the Court, no witness or witness's counsel may retain any Protected Material, or any copies or notes reflecting Protected Material, after the deposition. If a non-party witness declines to execute Exhibit A, the parties shall meet and confer on the record; pending resolution, the witness may be examined concerning documents of which the witness is the author, original recipient, or otherwise previously aware under Section 7.2(g), but shall not be shown other Protected Material. This subsection does not authorize disclosure of material designated 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' except as permitted by Section 7.3 or by Court order.

(j) any mediator or settlement officer, and their supporting personnel, retained by the parties to assist in settlement discussions.

(k) notwithstanding any provision of this Order, Producing Parties may redact Personal Identifying Information and sensitive personal payment data from productions; the Parties will meet and confer if a Receiving Party later claims a specific need for particular PII.

7.3   Limitations on AEO Access.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, AEO material may be disclosed only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and employees of said Outside Counsel of Record to whom disclosure is reasonably necessary;

(b) Experts (as defined) retained by the Receiving Party, and their support staff, who have signed Exhibit A, who are not current or anticipated (within the next 12 months) employees, officers, or directors of any Competitive Entity;

(c) the court and its personnel; court reporters and their staff; Professional Vendors to whom disclosure is reasonably necessary and who have signed Exhibit A;

(d) the author or original recipient of a document containing the information, or a person who otherwise possesses, knows, or has access to the information;

(e) mediators or settlement officers retained by the parties;

(f) the corporate representative of the Designating Party.

AEO material shall not be disclosed to House Counsel or party employees unless consistent with this order, or absent written agreement of the Designating Party or court order. AEO material may not be copied, printed, or otherwise reproduced beyond what is reasonably necessary for this Action.  AEO material shall not be discussed in the presence of any person not authorized by this Section.

7.5   Anonymization Protocol.   Consistent with this Order, Producing Parties may anonymize customer identifiers and use unique IDs for datasets, and may produce aggregated summaries in reasonably usable form. Redactions shall be clearly indicated. Personal Identifying Information may include, without limitation, names, email addresses, phone numbers, full physical addresses, payment card or account numbers, government

identifiers, and dates of birth. Mock jurors shall not be shown PII or unredacted financial/payment data absent Court order.

7.6   Use Restrictions. A Receiving Party's expert may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only to assist the Receiving Party in prosecuting, defending, or attempting to settle this Action.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, civil investigative demand, or a court order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly, and in any event no later than five (5) business days after service where feasible, notify in writing the Designating Party and include a copy of the subpoena or court order and the date set for compliance;

(b) promptly notify in writing the person or entity that caused the subpoena or order to issue that some or all of the material covered is subject to this Protective Order and provide a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, to quash or modify the subpoena, or other appropriate relief, the Party served with the subpoena or order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Non-Parties may designate materials as CONFIDENTIAL or AEO under this Order.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party, unless prohibited by law or court order;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested, subject to reasonable safeguards; and

(4) provide the Non-Party a reasonable opportunity to designate its materials under this Order and to seek relief from the Court;

(5) provide the Requesting Party a copy of the agreement with the Non-Party that governs the disclosure of the Non-Party's information.

(c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Party from whom the information is sought may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party from whom the information is sought shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. Any production of a Non-Party's information shall not constitute a waiver of any confidentiality designation, privilege, work-product protection, or other protection in this Action or any other proceeding.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly, and in any event within three (3) business days of learning of the disclosure: (a) notify in writing the Designating Party of the unauthorized disclosure(s), including the date, the identities of the recipients (name and contact information or contact information of the recipient's representative), a description of the Protected Material disclosed (with Bates ranges if available), and the circumstances of the disclosure; (b) use best efforts to retrieve, sequester, or destroy all unauthorized copies of the Protected Material and to prevent further disclosure or use; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to provide written confirmation that they have returned or destroyed all Protected Material (and any notes or summaries reflecting it); and (e) take all other reasonable steps to mitigate the effects of the disclosure. If any recipient refuses to return or destroy the Protected Material or to execute Exhibit A, the

Receiving Party shall promptly notify the Designating Party and, if requested, cooperate in seeking appropriate relief from the Court.

Any unauthorized disclosure shall not, by itself, constitute a waiver of any confidentiality designation, privilege, or work-product protection in this Action or any other proceeding. To the extent the unauthorized disclosure involved Personal Identifying Information or sensitive financial/payment data, the Receiving Party shall also take steps required by applicable law to protect such information and, where appropriate, confer with the Designating Party regarding additional remedial measures.

11.    INADVERTENT PRODUCTION; FED. R. EVID. 502(d).

Pursuant to Federal Rule of Evidence 502(d), the inadvertent or mistaken production of documents, ESI, or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this Action or any other proceeding. Upon notice of a claim of privilege or protection, the Receiving Party shall promptly sequester or return all identified material and all copies, shall not use or disclose the material pending resolution of that challenge, and shall take reasonable steps to retrieve material disclosed before notice. The Producing Party shall provide sufficient information to identify the material (e.g., Bates range, date, authors/recipients). Clawed-back material must be included on an updated privilege log within fourteen (14) days of the clawback request, or on the first privilege log produced, if one has not been produced yet. Nothing in this Order requires pre-production privilege review or a 'quick-peek' arrangement.

Within seven (7) business days of receiving notice, the Receiving Party may provide written grounds for challenging the claim of privilege or protection; the parties shall promptly meet and confer under Local Rule 37-1. If unresolved, any motion challenging the clawback shall be filed under seal consistent with Civil Local Rule 79-5, and the Court may conduct an in camera review. Pending resolution, the clawed-back material shall remain sequestered and not be used or disclosed.

The Receiving Party is not required to delete clawed-back material from disaster-recovery or backup media created in the ordinary course, provided it (i) sequesters the material, (ii) does not restore or access it from such media, and (iii) takes reasonable steps to prevent further dissemination. Where feasible, the Producing Party will provide replacement versions (e.g., redacted copies) to minimize disruption.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Designated Material. A Party that seeks to file designated material under seal must comply with Civil Local Rule 79-5. Designated Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Designated Material at issue. If a request to file Designated Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    This Order extends to Non-Parties that produce information in this Action; Non-Parties may designate material as CONFIDENTIAL or AEO.

12.5    The Parties shall implement reasonable safeguards to protect Protected Material, including encrypted storage/transmission, restricting access to authorized persons, and refraining from sharing via public links or unsecured platforms. Professional Vendors shall adhere to comparable safeguards.

12.6    Continuing Jurisdiction. The Court retains jurisdiction, even after final disposition of this Action, to enforce, modify, and punish violations of this Order.

12.7   No Waiver by Compliance Elsewhere. Compliance with any subpoena, court order, or filing requirement in another proceeding regarding material designated under this Order shall not constitute a waiver of any confidentiality designation, privilege, work-product protection, or other protection in this Action or any other proceeding.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. "Written request" may be made by email to counsel of record. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Upon request by the Designating Party, the Receiving Party shall (i) provide a written certification within thirty (30) days confirming that it has returned or destroyed all Protected Material in its possession, custody, or control; and (ii) confirm that it has instructed all persons to whom it disclosed Protected Material under this Order— including Experts, Professional Vendors, jury consultants/mock jurors, and any other authorized recipients—to return or destroy such material and provide comparable certifications where feasible.

Notwithstanding this provision, Counsel for the Parties may retain archival copies of court filings; trial, deposition, and hearing transcripts; correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

For ESI, destruction may be satisfied by deletion from active systems and reasonable sequester of Protected Material in litigation review databases; the Receiving Party is not required to delete Protected Material from disaster-recovery or backup media

created in the ordinary course, provided it does not restore or access the material from such media and takes reasonable steps to prevent further dissemination.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 13, 2026

By: */s/ Martin Brenner*
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

DATED: February 13, 2026

By: */s/ Alexander C.K. Wyman*
Benjamin Naftalis (*Pro Hac Vice*)
  benjamin.naftalis@lw.com
   1271 Avenue of the Americas
   New York, NY 10020
Tel.: +1.212.906.1200 | Fax: +1.212.751.4864

Alexander C.K. Wyman (SBN 295339)
  alex.wyman@lw.com
   355 South Grand Avenue, Suite 400
   Los Angeles, CA 90071-1560
   Tel.: 213.485.1234 | Fax: 213.891.8763

Gary Feinerman (*Pro Hac Vice*)
  *gary.feinerman@lw.com*
   330 North Wabash Avenue, Suite 2800
   Chicago, IL 60611
Tel.: +1.312.876.7700 | Fax: +1.312.993.9767

Susan E. Engel (*Pro Hac Vice*)
  *susan.engel@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Phone: +1.202.637.2200 | Fax: +1.202.637.2201


*Attorneys for Defendant*
Lands' End, Inc.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: February 23, 2026

_____

HON. SHERI PYM
United States Magistrate Judge

**Attestation of Compliance**

Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: February 13, 2026                    */s/ Martin Brenner*
                                             Martin Brenner

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ ***Plata v. Lands' End, Inc.,*** **Case No. 5:24-cv-00723-MEMF-SP**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____